**GILLDORN SAVINGS ASSOCIATION, Gilldorn Corporation, and Gilldorn Mortgage Midwest Corporation, Plaintiffs,**

**v.**

**COMMERCE SAVINGS ASSOCIATION, Defendant.**

No. 85 C 1024.

United States District Court, N.D. Illinois, E.D.

Nov. 19, 1985.

Charles Siemon, Gerald Callaghan, William W. Merrill, III, and Stephen Smith, Siemon, Larsen and Purdy, Chicago, Ill., for plaintiffs.

Jeffrey Lennard, Duane C. Quaini, and John L. Grossbart, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., John L. Lancaster, and Dennis Neil Ryan, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for defendant.

### MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

This matter comes before the court on the motion of GILLDORN SAVINGS AS-

SOCIATION, GILLDORN CORPORA-
TION and GILLDORN MORTGAGE MID-
WEST CORPORATION ("Gilldorn") to en-
join Defendant COMMERCE SAVINGS
ASSOCIATION ("Commerce") from pro-
ceeding with its prosecution of the case
now pending in the United States District
Court for the Northern District of Texas,
entitled *Commerce Savings Association v.
Gilldorn Association, Gilldorn Corpora-
tion and Gilldorn Mortgage Midwest Cor-
poration*, Civil Action No. CA 8 85 306 R
("Dallas action").

Gilldorn filed this suit in the Northern
District of Illinois ("Chicago action") on
January 31, 1985. Defendant filed the Dal-
las action on February 13, 1985. In the
complaint in the Chicago action, Gilldorn
alleges that it purchased the stock of Percy
Wilson Mortgage and Finance Corporation
("Wilson stock") from Commerce. The sale
was closed on July 18, 1983 pursuant to the
Stock Purchase Agreement dated June 13,
1983. Gilldorn alleges breach of express
warranty, fraudulent misrepresentation
and violation of the Securities Exchange
Act of 1934 in the sale of the Wilson stock.

Commerce filed the Dallas action on Feb-
ruary 13, 1985. In the Dallas complaint,
Commerce alleges that pursuant to the
Stock Purchase Agreement, Percy Wilson
[predecessor of Gilldorn] agreed to execute
and deliver to Commerce a $5,000,000
Promissory Note. The Promissory Note
was later substituted by a subordinated
debenture issued by Gilldorn. It is further
alleged in the Dallas complaint that Com-
merce subsequently agreed to purchase
Gilldorn preferred stock in exchange for
the Promissory Note or substituted deben-
ture of Gilldorn. In making this exchange,
Commerce alleges that it relied on Gill-
dorn's representations that Gilldorn would
not litigate, but would amicably settle, any
claims arising from the original Stock Pur-
chase Agreement. The Dallas complaint is
based on violations of the Securities Act of
1933, the Texas Securities Act and on the
Promissory Note.

Plaintiff Gilldorn has moved to enjoin the
defendant from pursuing the Dallas action,
arguing that the allegations in the Dallas
complaint should have been brought as a
compulsory counterclaim pursuant to Rule
13(a) of the Federal Rules of Civil Proce-
dure.

This case is very similar to *Warshawsky
& Company v. Arcata National Corpora-
tion*, 552 F.2d 1257 (7th Cir.1977) where
the court held that allegations in a com-
plaint filed in the Northern District of Cali-
fornia should have been brought as a com-
pulsory counterclaim in an action pending
in the Northern District of Illinois. As the
Illinois action was filed first, the court
found that the defendant was properly en-
joined from pursuing the California action.

Defendant Commerce argues against a
similar result here, stating that 1) the deni-
al of Gilldorn's motion to dismiss in the
Texas action bars consideration of the com-
pulsory counterclaim issue under the doc-
trine of collateral estoppel; 2) the princi-
ples of judicial comity preclude this court's
consideration of issues addressed in the
Texas action; and 3) the claims asserted in
the Texas action do not constitute a com-
pulsory counterclaim.

■ This court is inclined to agree with
Plaintiff's characterization of Defendant's
collateral estoppel argument as a "Red
Herring". Defendant's own authorities re-
quire a final judgment for collateral estop-
pel to apply. The rulings by the Dallas
judge do not constitute final judgment.

■ The doctrine of judicial comity also
has no application here. In allowing Plain-
tiff's motion, this court enjoins the Defend-
ant and not the United States District
Court for the Northern District of Texas.
Further, judicial comity should not preclude
this Plaintiff from its choice of forum
where it was the first to file its complaint.
Contrary to Defendant's reading, the comi-
ty issue was considered by the court in
*Warshawsky & Co.*, 552 F.2d at 1259.

■ Defendant's final argument is also
not persuasive. The complaint filed in the
Texas action belies Defendant's assertion

that the Texas claim does not support a compulsory counterclaim. Defendant argues that the Chicago claim is based on the original sale of the Wilson stock and that the Texas action is based on the subsequent exchange of the preferred Gilldorn stock for the Promissory Note given in the sale of the Wilson stock. It is clear that the sale of the Wilson stock and the purchase of the prefered Gilldorn stock are very closely related. Commerce attached a copy of the [Wilson] Stock Purchase Agreement to the Texas complaint. Further, the allegations in the Texas complaint that Gilldorn misrepresented its intentions not to litigate the claims arising from the sale of the Wilson stock clearly refers to this very lawsuit. Therefore, it is clear that the two claims are logically related and that Commerce's claim should have been brought as a compulsory counterclaim in this action.

For these reasons, plaintiffs' Motion to Enjoin Prosecution of Counterclaim in Separate Litigation is granted.